# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3797

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Southern District of Iowa
Kathleen Monica Starnes,           *
                                   *        [UNPUBLISHED]
          Appellant.               *

_____

Submitted: April 3, 1997

Filed: May 1, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____


PER CURIAM.


     Kathleen Starnes appeals from the final judgment entered in the
District Court[1] for the Southern District of Iowa following her guilty plea
to conspiring to commit mail fraud, in violation of 18 U.S.C. § 371.  The
district court sentenced Starnes to 25 months imprisonment.  For the
reasons discussed below, we affirm the judgment of the district court.


     We reject Starnes's contention that the district court clearly erred
in imposing a four-level aggravating-role enhancement for

---

[1]The Honorable R.E. Longstaff, United States District Judge
for the Southern District of Iowa.

being an organizer of an extensive fraudulent scheme.  See  U.S.S.G. § 3B1.1(a) (1995) (court must increase  defendant's offense level if she was organizer or leader of criminal activity that involved five or more participants or was otherwise extensive); United States v. Scott, 91 F.3d 1058, 1063 (8th Cir. 1996) (standard of review).  Starnes was president of a company for which investments were obtained fraudulently; she recruited others to seek out investors; she made misrepresentations and caused others to make misrepresentations knowingly and with the intent to defraud investors; she participated in the scheme both directly and indirectly; and investors lost more than $750,000.

As to Starnes's contention that enhancements for both role in the offense and more than minimal planning constituted impermissible double counting, this argument is foreclosed by United States v. Willis, 997 F.2d 407, 418-19 (8th Cir. 1993), cert. denied, 510 U.S. 1050 (1994). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.